UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PROVIDENCE BROOKS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-833** |
| **UNITED NATIONAL INSURANCE COMPANY** | **SECTION "B"(4)** |

### ORDER AND REASONS

Considering defendant United National Insurance Company's unopposed motion to continue trial and all pretrial deadlines (Rec. Doc. 34)**,**

**IT IS HEREBY ORDERED** that the motion is **DENIED.** Pursuant to the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation omitted). The Fifth Circuit Court of Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice*." Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

When presented with reluctance from an opposing party to [. . .] provide discovery, a [party's] proper remedy is to file a motion to compel. *See, e.g., Mairena-Rivera v. Langston Constr., LLC*, No. 16-4493, 2016 WL 11824232, at *1 (E.D. La. Aug. 3, 2016) (Wilkinson, M.J.) (citation omitted). Before seeking continuance on this ground, defendant has filed no such motion. This matter is set for trial on October 21, 2024. *See* Rec. Doc. 29 at 3. The Court entered its first scheduling order on August 22, 2023. *See* Rec. Doc. 18. On April 18, 2024, the Court granted the

1

parties' joint motion to continue trial to allow parties "**additional time to complete the foregoing depositions and related pretrial deadlines, e.g. exchanging witness and exhibit lists for trial, and filing motions.**" *See* Rec. Doc. 28. "[Defendant] is "cautioned against sitting on [its] rights to file motions seeking relief from noncompliant witness and parties." *See Hayes v. All Coast, LLC*, No. 22-5254, WL 2023 WL 8237277, at *1 (E.D. La. Nov. 28, 2023) (Lemelle, J.). Here, defendant has failed to file any motions to compel discovery, which is the proper remedy against noncompliant witnesses and parties. Defendant has filed its motion to continue trial and pretrial deadlines merely five days prior to the discovery deadline on September 3, 2024. *See* Rec. Doc. 34. Defendant's failure to file motions to compel or seek other sanctions against plaintiff does not demonstrate good cause for continuance of the pretrial deadlines and trial date.

Moreover, plaintiff appears to have been non-compliant in fully and timely disclosing witnesses and discovery materials at the initial stages of litigation, and in responses to written discovery requests. Alleged misrepresentations relative to other insurance is another example of repeated mutual fault by both parties that cannot be excused or allowed to continue.

The record noncompliance issues and repetitive failures by both parties to heed prior warnings and court deadlines cannot be remedied by another continuance of pretrial deadlines and trial to cure ongoing deficiencies or prejudice.

New Orleans, Louisiana this 4th day of September, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE